WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Merrick,<br><br>            Plaintiff,<br><br>   vs.<br><br>Charles L. Ryan, et al.,<br><br>            Defendants. | No.  CV 13-2386-PHX-RCB (BSB)<br><br>**O R D E R** |

**I.     Procedural History**

On November 20, 2013, Defendants Hetmer, Miser, Ryan, Henderson, Stephan, and Linderman ("the Removing Defendants") filed a Notice of Removal of this case from the Superior Court of Maricopa County, Arizona.  On November 27, 2013, Defendants Kidwell, Webster, and Zaborsky filed a Notice of Joinder indicating that they consented to and joined in removal.

On December 6, 2013, Plaintiff filed an Objection to the notice of removal and a Motion to Remand (Doc. 4).  On January 17, 2014, Plaintiff filed a "Motion to Amend Complaint and Request for Remand to the State Court" (Doc. 8) and a proposed Amended Complaint.

**II.    Amended Complaint and Remand**

In his Motion to Amend, Plaintiff asks that the Court allow him to amend his complaint to "eliminate any and all federal statutes and laws," and that the Court remand this action to state court.  Plaintiff's proposed amended complaint raises the same claims

raised in his original Complaint but relies on entirely on state law.  In the lodged First Amended Complaint, Plaintiff claims Defendants denied him various religious materials and practices, denied him due process, and violated his right to equal protection of the laws, in violation of Arizona Revised Statutes §§ 12-542 and 41-1493.01, and article 2, sections  12, 32, and 33, and article XX, section  1 of the Arizona Constitution.

On February 3, 2014, Defendants filed a Response to Plaintiff's Motion to Amend in which they ask the Court deny Plaintiff's Motion to Amend and Remand.  Defendants argue that Plaintiff does not make any changes to his factual allegations and that simply removing references to federal law does not divest this Court of jurisdiction.  Defendants argue that Plaintiff "is alleging that the Defendants violated his First Amendment rights and 42 U.S.C. § 1983 is the only vehicle to provide a remedy for the deprivation of 'rights, privileges, or immunities secured by the Constitution.'"  Resp. at 2.

Where the original Complaint has been served, Rule 15(B)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Given the early stage of these proceedings (Defendants have not yet been required to file an answer), the Court will grant the Motion to Amend and direct the Clerk of Court to file Plaintiff's First Amended Complaint.

Although "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments" and "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based," *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).   "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the

1  exercise of jurisdiction by dismissing the case without prejudice." *Id.* at 350 (footnote
2  omitted).

3        Arizona's Free Exercise of Religion Act ("FERA"), Ariz. Rev. Stat. § 41-1493.01,
4  was passed in 1999 "to protect Arizona citizens' right to exercise their religious beliefs
5  free from undue governmental interference." *State v. Hardesty*, 222 Ariz. 363, 365 (Ariz.
6  2009).  FERA's key provision "permits the government to burden the exercise of religion
7  only if the 'application of the burden to the person is both . . . [i]n furtherance of a
8  compelling governmental interest [and] [t]he least restrictive means of furthering that
9  compelling governmental interest.'" *Id*. at 365-66; Ariz. Rev. Stat. § 41-1493.01(C).
10 FERA potentially provides Plaintiff greater religious protections than those in the First
11 Amendment, which requires only that the government have a reasonable justification
12 related to a legitimate penological interest before restricting a prisoner-plaintiff from
13 engaging in a sincerely held religious belief. *Shakur v. Schriro*, 514 F.3d 878 (9th Cir.
14 2008).

15       Regardless of whether Plaintiff may be attempting to manipulate the forum by
16 deleting his federal-law claim, the Court, in its discretion, concludes that on balance,
17 remand of the First Amended Complaint, which contains only state-law claims, "best
18 serves the principles of economy, convenience, fairness, and comity which underlie the
19 pendent jurisdiction doctrine." *Cohill*, 484 U.S. at 357.  Accordingly, the Court concludes
20 that Plaintiff may a raise a claim for denial of religious materials and practices based
21 solely Arizona constitutional and statutory rights.  Thus, the Court will remand this case
22 to the Maricopa County Superior Court.

23 **IT IS ORDERED:**

24     (1)    Plaintiff's January 17, 2014 Motion Amend and Motion to Remand to State
25 Court (Doc. 8) is **granted**.

26     (2)    The Clerk of Court **must file** Plaintiff's Amended Complaint (attached to
27 Doc. 8).

28     (3)    Plaintiff's December 6, 2013 Motion to Remand (Doc. 4) is **granted**.

1     (4) This matter is **remanded** to the Superior Court of Maricopa County,
2   Arizona.
3     (5) The Clerk of Court must mail a **certified copy** of this Order to:

Michael K. Jeanes  
Clerk of the Superior Court  
Maricopa County, Arizona Superior Court  
201 West Jefferson  
Phoenix, Arizona 85003-2205

  (6) The Clerk of Court must **close** this case.

DATED this 17th day of April, 2014.

_____
Stephen M. McNamee
Senior United States District Judge